## STATE vs. FRANK P. PARKS.

### York. ·Opinion October 25, 1899.

*Insanity. Evidence. Burden of Proof.*

To establish a defense on the ground of insanity, in a criminal case, the burden is on the respondent to prove the fact of insanity by a preponderance of evidence.

ON EXCEPTIONS BY DEFENDANT.

The defendant, who was indicted for the murder of Mary Tarlton at Kittery, on January 23, 1899, was found guilty by a jury trial at the following term in York county.

At the trial the defendant offered evidence tending to show that at the time of the killing of deceased, and before, he had a mental disease called inebriety; that said mental disease manifested itself and was characterized by an uncontrollable, overwhelming craving for intoxicating liquors; that he drank liquor on the day of the killing and while he had such mental disease and in consequence of it; and that he drank so much liquor on that day, before the killing, that at the time of the killing he did not know what he was doing.

The court charged the jury that it was incumbent on the defendant to show by a preponderance of evidence, that he had the mental disease and that he drank the liquor and became intoxicated because of such disease, and that the killing was the result of the disease and of the drinking of the liquor in consequence thereof to such an extent that he did not know what he was doing when he killed the deceased. The defendant excepted to this part of the charge.

*W. T. Haines, Attorney General, and W. S. Mathews, County Attorney,* for State.

The one question raised in the exceptions in this case is as to the burden of proof where insanity is set up as a defense.

It seems that the courts of this country have accepted different

theories upon this question. (1.) That the defendant has not the burden of proof, and that the presumption of sanity only arises in absence of all evidence to the contrary, but that the defendant's only duty is to introduce evidence sufficient to raise the question, and thereby a doubt or uncertainty in the minds of the jury, which is considered a reasonable doubt as to his sanity; that such reasonable doubt is sufficient ground for acquittal, unless overcome by affirmative proof of his sanity adduced by the presumption.

(2.) Some state courts have declared that insanity must be proved by the defense beyond a reasonable doubt; but the (3d) and most modern and reasonable doctrine is, that the defendant has the burden of proof where insanity is alleged as a defense, and that he may establish his insanity by simply a preponderance of evidence, or such evidence that will satisfy the jury that he is insane, according to the measure of proof necessary in civil cases, and this is the general rule in this country. *State* v. *Lawrence,* 57 Maine, p. 574. There is no later case in which our courts have raised any doubt against this doctrine by any judicial opinion.

It rests upon the presumption that men as a rule are sane and like all other presumptions, relating to the rules of evidence, is based upon what mankind understand to be natural facts. Whart. Crim. Ev. § 337; 9 Am. & Eng. Ency. Law, 716, 731.

*Thos. H. Simes and Saml. W. Emery,* for defendant.

Since the decision in *State* v. *Lawrence,* the Massachusetts court has taken what we view as the logical and reasonable ground on this question, and has substantially overruled its former decisions cited in *State* v. *Lawrence,* and upon which that case was decided. See instructions to jury in *Com.* v. *Gilbert,* 165 Mass. 45, 50; *Com.* v. *Heath,* 11 Gray, 303.

And as following the rule contended for by defendant in this case see: *Davis* v. *United States,* 160 U. S. 499; *State* v. *Johnson,* 40 Conn. 136; *Hodge* v. *State,* 26 Fla. 11; *Hopps* v. *People,* 33 Ill. 385; *Chase* v. *People,* 40 Ill. 353; *Langdon* v. *People,* 133 Ill. 382; *Bradley* v. *State,* 31 Ind. 492; *Plake* v. *State,* 121 Ind. 433; *State* v. *Crawford,* 11 Kan. 32; *Smith* v. *Com.* 1 Duv. (Ky.) 224; *People* v. *Garbutt,* 17 Mich. 9; *Cunningham* v. *State,* 56

Miss. 269; *Wright* v. *People*, 4 Neb. 407; *State* v. *Bartlett*, 43 N. H. 224; *People* v. *Riordan*, 117 N. Y. 71; *Dove* v. *State*, 3 Heisk. (Tenn.) 348; *Revoir* v. *State*, 82 Wis. 295; *State* v. *Reidell*, (Del.) 14 Atl. Rep. 550.

SITTING: .EMERY, HASKELL, STROUT, SAVAGE, FOGLER, JJ.

FOGLER, J.   The instruction of the presiding justice, to which the respondent excepts, is in accordance with the law laid down by this Court in *State* v. *Lawrence*, 57 Maine, 574.

We re-affirm the decision in that case, believing it to be sound in principle, and supported by the weight of authority in this country.

> *Exceptions overruled.   Judgment for State.*